UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Gregory Green, | ) | Civil Action No.: 4:19-cv-01797-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Scott Hixson, Jimmy A. Richardson, III, and Horry County, | ) | |
| Defendants. | ) | |

This matter is before the Court for consideration of Plaintiff Gregory Green's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's complaint without prejudice.[1]  *See* ECF Nos. 8 & 10.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff, a state prisoner proceeding pro se, filed his complaint pursuant to 42 U.S.C. § 1983 alleging his due process rights were violated when the prosecutor amended the indictment at a guilty plea hearing in state court. *See* ECF No. 1. Plaintiff sues the assistant solicitor who prosecuted him, as well as the solicitor and the county in which he pleaded guilty, and he seeks monetary damages stemming from his "unconstitutional conviction." *Id.* at p. 9. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) the assistant solicitor is shielded by absolute prosecutorial immunity, and (2) the complaint fails to state a claim as to the solicitor and the county. R & R at pp. 3–4.

Although Plaintiff lodges several objections to the R & R, *see* ECF No. 10, the Court finds his claims fail not only for the reasons set forth in the R & R but also for a simple reason not discussed in the R & R—they are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his drug conviction and prison sentence, which have not been overturned or otherwise called into

question.² *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that under *Heck* and related cases, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck . . .* bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Under *Heck* and its progeny, the Court cannot grant Plaintiff the relief he seeks. *See, e.g.*, *Green v. Horry Cty.*, No. 4:17-cv-01304-RBH, 2017 WL 4324843, at *1 (D.S.C. Sept. 29, 2017) (finding *Heck* barred a similar § 1983 action filed by Plaintiff), *aff'd*, 709 F. App'x 215 (4th Cir. 2018). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's objections.³

## **Conclusion**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 8], and **DISMISSES** Plaintiff's complaint *without prejudice* and without issuance and service of process.⁴ **IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 9, 2019  R. Bryan Harwell
 Chief United States District Judge

---

² This Court denied relief on Plaintiff's habeas petition filed under 28 U.S.C. § 2254. *See Green v. Beckwith*, 2018 WL 6829011 (D.S.C. Dec. 28, 2018), *appeal dismissed*, 770 F. App'x 158 (4th Cir. 2019).

³ Having considered Plaintiff's objections and conducted a de novo review, the Court also agrees with the Magistrate Judge's findings regarding prosecutorial immunity and failure to state a claim. *See* R & R at pp. 3–4. The Court will dismiss the complaint without prejudice. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice).

⁴ Because *Heck* bars Plaintiff's claims, the Court declines to automatically give him leave to amend. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015).